UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

INTERNATIONAL SHIP REPAIR
AND MARINE SERVICES, INC.,

    Plaintiff,

v.                                                Case No. 8:19-cv-605-T-36CPT

BARGE B. 215,

    Defendant.
_____/

**O R D E R**

This cause is before the Court on the *Motion for Appointment of Substitute Custodian* filed by Plaintiff International Ship Repair and Marine Services, Inc. (Doc. 3). Upon review of the Verified Complaint (Doc. 1) and the Plaintiff's motion, it is hereby ORDERED as follows:

1.     The Plaintiff's *Motion for Appointment of Substitute Custodian* (Doc. 3) is GRANTED.

2.     Until further Order of the Court, the Plaintiff is hereby appointed to act as substitute custodian of Defendant Barge B. 215 (the Vessel), and any equipment and property recovered on board.

3. The United States Marshal (Marshal) shall surrender possession of the Vessel to the Substitute Custodian named herein. Upon surrender, the Marshal shall be discharged from its duties of safekeeping of the Vessel and any equipment and property recovered on board, and shall be held harmless from any all claims arising out of the substituted possession and safekeeping.

4. As set forth in the *Consent and Indemnification Agreement for the Appointment of a Substitute Custodian* (Doc. 3-1 at 5-6), the Plaintiff releases the Marshal from any and all liability and responsibility for the care of the Vessel as well as any equipment and recovered property while in the Plaintiff's custody. In addition, the Plaintiff will hold harmless the Marshal from any and all claims whatsoever arising during the period of the substitute custodianship.

5. All reasonable expenditures of the Marshal and the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, for the safekeeping and maintaining the Vessel while she is in *custodia legis*, shall be administrative expenses in this action and a first charge of the Vessel to be paid prior to the release of the Vessel or the distribution of proceeds of her sale.

6. During *custodia legis*, the Substitute Custodian shall not permit repairs or changes to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without the Court's prior authorization.

7. The Substitute Custodian shall have the authority to move the Vessel within its facilities for safekeeping immediately after the arrest and, in the event the berth at which the Vessel is located is required for another incoming vessel, the

Substitute Custodian may move this Vessel without further order of the Court so long as the Vessel is moved within its facility in a manner and to comparable berth adequate for the safekeeping of the Vessel.

8. The Substitute Custodian must execute a receipt for the Vessel and the Marshal must attest to the date and time of release.

9. The Plaintiff, as Substitute Custodian, is responsible for all reasonable expenses incurred in that capacity and for the costs of the Marshal, which shall be paid prior to the Marshal's release of the Vessel.

10. Plaintiff's counsel shall serve a copy of this Order to the owner of the Vessel as soon as practicable.

DONE and ORDERED in Tampa, Florida, this 15th day of March 2019.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies furnished to:
Counsel of record
Any unrepresented party
United States Marshal's Office