THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

INTERNATIONAL SHIP REPAIR
AND MARINE SERVICES, INC.,

    Plaintiff,                                      CASE NO.: 8:19-cv-00605-CEH-CPT

vs.

BARGE B. 215,

    Defendant, *in rem*.

_____/

## **ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIM**

Defendant, Barge B. 215, through its undersigned counsel, and files its answer to the Verified Complaint (Dkt. 1), and very respectfully states and prays as follows:

1. Admits each and every allegation set forth in paragraph 1 of the Verified Complaint.

2. Admits each and every allegation set forth in paragraph 2 of the Verified Complaint.

3. Admits each and every allegation set forth in paragraph 3 of the Verified Complaint.

4. Admits that pursuant to a Repair Agreement entered on November 29, 2018 between International Ship Repair and Marine Services, Inc. (ISR) and Bouchard Transportation Co. Inc. (BTC), as manager of the Barge B. 215 on behalf of its owner B. No. 215 Corporation ("Repair Agreement") for the replacement of specified deck plating at a Total Cost of $4,200,000, the Barge B. 215 was delivered to ISR's yard and ISR commenced to perform the

repairs, but except as so specifically admitted denies each and every allegation set forth in paragraph 4 of the Verified Complaint.

5. Denies each and every allegation set forth in paragraph 5 of the Verified Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Verified Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Verified Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Verified Complaint.

9. Admits that ISR has retained counsel to bring this action on its behalf, but except as so specifically admitted denies each and every allegation set forth in paragraph 4 of the Verified Complaint.

**AFFIRMATIVE DEFENSES**

Defendant, B. No. 215, reiterates its answer to the allegations in the Verified Complaint, and for its affirmative defenses, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

BTC and B. No. 215 Corporation have performed all requirements under the Repair Agreement including having paid 30% of the agreed Total Cost of the repairs (made in three installments of 8%, 10% and 12%). Pursuant to the terms of the Repair Agreement, ISR is to be paid the remaining 70% of the Total Cost of $4,200,000 upon "Delivery" of the Barge back to BTC/B. No. 215 Corporation. ISR has not completed the work agreed to be performed by it under the Repair Agreement. Accordingly, no maritime lien has arisen for the balance of the

work represented by the 70% final payment on Delivery and there was no basis to arrest the Barge.

## SECOND AFFIRMATIVE DEFENSE

Alternatively, even if a maritime lien has arisen in respect to work performed by ISR above and beyond the amount of $1,260,000 representing the 30% of the Total Cost previously paid by BTC/B. No. 215 Corporation, because the Repair Agreement provides for payment of the balance of $2,940,000 only on completion of the work and Delivery of the Barge, BTC/B. No. 215 Corporation are not in breach of the obligation to pay for any such work and therefore there was no basis for ISR to arrest the Barge.

## COUNTERCLAIM

Bouchard Transportation Co, Inc., as manager of the Barge B. No. 215, and B. No. 215 Corporation, as owner of the Barge B. No. 215, assert this Counterclaim against International Ship Repair and Marine Services, Inc. pursuant to Fed. R. Civ. P. 9(h) and 13(a), 28 U.S.C. §§ 1333 and 1367.

## FIRST COUNT: WRONGFUL ARREST

1. Pursuant to a Repair Agreement entered on November 29, 2018, between ISR and Bouchard Transportation Co., Inc., as manager of the Barge B. No. 215, on behalf of its owner B. No. 215 Corporation, copy of which is attached hereto as **Exhibit "A"** (the "Repair Agreement"), ISR agreed to replace certain specified sections of the deck plating on the Barge B. No. 215 as set out in a Deck Replacement Plan.

2. An express term of the Repair Agreement was that ISR would replace only the steel identified by BTC/B. No. 215 Corporation in the Deck Replacement Plan which was attached to and formed part of the Repair Agreement. IRS specifically agreed that "there will

not be any growth", i.e. no additional steel would be replaced without the express approval of BTC/B. No. 215 Corporation.

3. Pursuant to the terms of the Repair Agreement, the Total Cost to be paid by BTC/B. No. 215 Corporation for the repairs was $4,200,000, inclusive of all costs including staging, dockage, etc.

4. The Repair Agreement provided for an 8% deposit in the amount of $336,000 to be paid on signing the contract on November 29, 2018 (with payment having been made on November 30, 2018); 10% of the Total Cost in the amount of $420,000 to be paid on December 15, 2008 (with payment having been made on December 17, 2018); and 12% in the amount of $504,000 on January 20, 2019 (with payment having been made on February 14, 2019, the delay owing to awaiting IRS confirmation as to the status of the work which it had performed as of that date).

5. The balance of the Total Cost of $4,200,000, $2,940,000 (70%) is to be paid upon "Delivery" of the barge back to BTC/B. No. 215 Corporation.

6. As of the date the Barge was arrested, March 15, 2019, IRS had not completed the repairs required to be performed under the Repair Agreement and had not delivered the Barge back to BTC/B. No. 215 Corporation.

7. The assertion at paragraph 6 of ISR's Verified Complaint that "As of February 28, 2019, a total of $2,866,215.33 is due and owing to ISR as a result of ISR performing repairs and providing berthing and other necessary services to Barge B. 215" was knowingly false at the time it was made and was set forth in the Verified Complaint in order to induce the Court to grant an arrest of the Barge under false pretenses.

8. As of February 8, 2018, and continuing to date, ISR was and is presently owed nothing under the Repair Agreement. ISR will only be entitled to receive payment of the 70% balance of $2,940,000 when the work is completed and the Barge delivered.

9. The arrest of the Barge by ISR was wrongful, brought in bad faith, and meant to apply economic pressure to BTC/B. No. 215 Corporation under circumstances where ISR had been instructed to cease work under the Repair Agreement due to continuing efforts by ISR to "grow" the amount of steel to be replaced beyond that as set forth in the Deck Replacement Plan which ISR had agreed to follow and to charge BTC/B. No. 215 Corporation for such additional and unauthorized work.

10. As a result of the wrongful arrest of the Barge, BTC/B. No. 215 Corporation have suffered damages in the sum, as best can be presently calculated, of $1,400,000 ($25,000 per day since the date of arrest) and continuing at the rate of $25,000 per day until the Barge is released.

## SECOND COUNT: BREACH OF CONTRACT

11. The unauthorized work performed and attempted to be performed by ISR on the Barge placed ISR in breach of the Repair Agreement and is the direct cause of the delay in completion of the repairs to the Barge.

12. As a result of the breach of the Repair Agreement by ISR, BTC/B. No. 215 Corporation have suffered damages in the sum, as best can be presently calculated, of $1,400,000 ($25,000 per day since the date of arrest) and continuing at the rate of $25,000 per day until the Barge is released.

13. In addition to the foregoing, BTC/B. No. 215 Corporation have been forced to incur legal expenses in obtaining the lifting of the improperly obtained arrest of the Barge into some estimated to total $75,000.

**WHEREFORE,** BTC/B. No. 215 Corporation demand:

1. That the arrest of the Barge No. 215 be immediately lifted; and

2. That Judgment be entered in favor of BTC/B. No. 215 Corporation for the amount of their damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

Dated: **May 8, 2019**　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: /s/ Whittni M. Hodges
　　　　　　　　　　　　　　　　　　　**ROBERT B. BIRTHISEL**
　　　　　　　　　　　　　　　　　　　Florida Bar No: 906654
　　　　　　　　　　　　　　　　　　　**JULES V. MASSEE**
　　　　　　　　　　　　　　　　　　　Florida Bar No: 41554
　　　　　　　　　　　　　　　　　　　jmassee@hamiltonmillerlaw.com
　　　　　　　　　　　　　　　　　　　**WHITTNI M. HODGES**
　　　　　　　　　　　　　　　　　　　Florida Bar No: 095602
　　　　　　　　　　　　　　　　　　　whodges@hamiltonmillerlaw.com
　　　　　　　　　　　　　　　　　　　HAMILTON, MILLER & BIRTHISEL, LLP
　　　　　　　　　　　　　　　　　　　100 S. Ashley Drive, Suite 1210
　　　　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　　　　Tel: 813-223-1900 / Fax: 813-223-1933
　　　　　　　　　　　　　　　　　　　E-SERVICE: CBBserve@hamiltonmillerlaw.com
　　　　　　　　　　　　　　　　　　　*Counsel for Defendant, in rem*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 8, 2019**, the foregoing document is being served on all counsel of record or *pro se* parties identified on the below Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　/s/ Whittni M. Hodges
　　　　　　　　　　　　　　　　　　　Attorney

**SERVICE LIST**

**CASE NO.:  8:19-cv-00605-CEH-CPT**

**PAUL E. PARRISH, ESQ.**
Florida Bar No.:  373117
GRAY ROBINSON, PA
1795 West Nasa Blvd.
Melbourne, FL 32901
Tel:  (321) 727-8100
Fax:  (321) 984-4122
paul.parrish@gray-robinson.com
*Counsel for Plaintiff, International Ship Repair*
*and Marine Services, Inc.*