UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

INTERNATIONAL SHIP REPAIR
AND MARINE SERVICES, INC.,

    Plaintiff,

vs.                    CASE NO.: 8:19-cv-00605-CEH-CPT

BARGE B. 215,

    Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION TO STRIKE DEFENDANT'S PLEADINGS AND FOR ENTRY FOR DEFAULT AGAINST DEFENDANT

Plaintiff, International Ship Repair and Marine Services, Inc. ("ISR"), hereby moves the Court to strike Defendant's answer and to enter a default in favor of ISR as a result of its failure to comply with the Court's Order of July 7, 2020 (Dkt. #100). ISR supports this motion by means of the Memorandum of Law that follows.

### MEMORANDUM OF LAW

### Facts

On July 7, 2020, the Court entered an Order revoking Defendant's counsel's admission pro hac vice. (Dkt. #100) Therein, the Court also gave Defendant 14 days, or until July 22, 2020, to obtain counsel in accordance with local rules. As of July 22, 2020, Defendant has yet to obtain substitute counsel. Thus, Defendant is in violation of the Court's Order directing it to do so.

1

## Law

A corporate defendant is required to be represented by counsel. See Local Rule 2.03(b) and *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). In situations where a corporation is not represented by counsel, the entry of a default judgment is warranted. Under Fed. R. Civ. P 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or <u>otherwise defend</u> as provided by these rules and that failure is shown by affidavit or otherwise, clerk <u>must</u> enter the party's default." [Emphasis added] The Courts have routinely enforced that Rule, by striking the pleadings of the non-represented corporate party and entering a default against it. See, e.g., *Compania Interamericana Export – Import S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 945 (11th Cir. 1996); *eCom Systems, Inc. v. Shared Marketing Services, Inc.*, 2012 WL 1094317 at *2 (N.D. Fla. 2012); *Tomi v. Wally's Waterfront, Inc.*, 2007 WL 678013 (M.D. Fla. 2007).

## Discussion

This Court ordered Defendant to obtain substitute counsel by July 22, 2020. (Dkt. #100) For whatever reason, Defendant has not done so and has, therefore, violated the Court's Order. Defendant, therefore, is not represented by counsel.

As a result of Defendant's violation of the Court's Order, striking its pleadings and entering a default against Defendant are the appropriate remedies. See *Compania Interamericana, supra.* ISR would urge the Court to employ those remedies in this instance. This matter has been going on for over one year and nothing of consequence has occurred in that time period even though the Defendant has been represented by counsel for most of that time. Without Defendant having counsel, nothing whatsoever will occur and this case and will continue on zombie-like until the matter gets to an uncontested trial. Entering a default at this point, therefore, would serve in the

best interest of everybody, and allow this matter to be disposed of in a timely and cost efficient manner.

Wherefore, ISR asks the Court to enter an Order striking Defendant's pleadings and entering a default in the favor of ISR.

### Local Rule 3.01(g) Certification

The undersigned has been unable to contact opposing counsel as required by Local Rule 301.(g) as Defendant has no counsel to contact.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via email to the Clerk of Court and by U.S. mail to B. No. 215 Corporation, c/o Morton S. Bouchard, III, 58 South Service Road, Suite 150, Melville, NY 11747, this 10th day of August, 2020.

GrayRobinson, PA

_/s/ Paul E. Parrish_
Paul E. Parrish, Esq.
Fla. Bar No. 373117
1795 West Nasa Blvd.
Melbourne, FL 32901
Phone: (321) 727-8100
Facsimile: (321) 984-4122
paul.parrish@gray-robinson.com